F I L E D
Clerk
District Court

FEB 14 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| THE BOEING COMPANY and BOEING SERVICE COMPANY,<br><br>        Plaintiffs,<br>v.<br>LEO A. DALY COMPANY,<br><br>        Defendant. | Case No. 1:13-cv-00027<br><br><br><br>**DECISION AND ORDER<br>DENYING MOTION TO DISMISS** |

   This dispute arises out of a construction contract. Defendant Leo A. Daly has filed a motion to dismiss some of the claims in the complaint. (ECF No. 11 (hereinafter "Motion").) For the following reasons, the motion to dismiss is DENIED.

## I.  BACKGROUND

   Plaintiff Boeing Service Company entered into a contract with Commonwealth Ports Authority to construct "improvements to the Saipan Airport." (ECF No. 1 at ¶ 10 (hereinafter "Complaint").) Boeing then entered into a subcontract with Daly "for the design and construction management" of this project. (*Id.* at ¶¶ 1, 11.) Specifically, this contract required Daly "to design and manage the construction of an addition to the Saipan Airport's existing terminal . . . ." (*Id.* at ¶ 16.)

   Daly completed this project. (*Id.* at ¶ 18.) But Boeing alleges Daly's performance was deficient in numerous respects. (*Id.* at ¶¶ 1, 18.) Boeing has now filed an eight-count complaint. (*See generally* Complaint.) And Daly has filed a motion to dismiss seeking dismissal of five of these counts.

1

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).

## III. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "sufficient facts to raise" a plaintiff's "right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It must make the right to relief plausible. *Twombly*, 550 U.S. at 557. All allegations must be assumed true, *id.* at 555–56, but legal conclusions need not be, *Iqbal*, 556 U.S. at 678. The factual allegations must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Factual allegations also "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## IV. DISCUSSION

Four issues are raised. They regard implied contractual indemnity claims, the economic loss doctrine, the Commonwealth of Northern Mariana Islands ("Commonwealth") Consumer Protection Act, and claims of breaching an indemnity obligation in bad faith. Each issue is addressed in turn.

### A. IMPLIED CONTRACTUAL INDEMNITY

The complaint's third cause of action is for implied contractual indemnity. Daly contends this claim fails as a matter of law because the Commonwealth does not recognize such a claim. (Motion at 2–3.) The thrust of this argument is that when Boeing asserts an express contractual indemnity claim, it cannot also assert an implied one. (*See id.* at 3.)

This issue has two components. The first is whether the Commonwealth permits claims of implied contractual indemnity. There appears to be no Commonwealth Supreme Court decision on point. Accordingly, this Court "must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 812 (9th Cir. 2002) (internal quotation marks omitted). This determination is guided by "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990); *see also* 7 C.M.C. § 3401 (2010) (where no Commonwealth law, the rules embodied in the restatements of law controls).

A reasonable determination is that the Commonwealth Supreme Court would recognize a right to implied indemnity. The Restatements recognize this right, and the right exists for claims between a general contractor and its subcontractor. Restatement (Third) of Restitution and Unjust Enrichment § 23, cmt. a (2011); Restatement (First) of Restitution § 93, cmt. b (1937). Following this and similar authority, Commonwealth trial courts have recognized this right. *See Choi v. Kim*, No. 10-0114, 10–12 (Commw. N. Mar. I. Sup. Ct. May 30, 2012); *N. Marianas Housing Corp. v. SSFM Int'l, Inc.*, No. 06-123B, 5–6 (Commw. N. Mar. I. Sup. Ct. Apr. 9, 2012).

The second question is whether Boeing may plead claims for both express contractual indemnity and implied contractual indemnity. Generally, the federal rules permit pleading alternative claims, even if the claims are inconsistent with each other. *See* Fed. R. Civ. P. 8 (d)(2)–(3). Such are the claims of express and implied contractual indemnity. One permits recovery via contract, the other by equity. Accordingly, the Court finds Boeing's claim for implied contractual proper and denies Daly's motion to dismiss.

Daly argues the contrary, pointing to a Ninth Circuit decision supposedly disavowing of parties taking inconsistent factual positions. (ECF No. 13 at 2 (hereinafter "Reply")); *see Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 271–72 (9th Cir. 1996). But that court explicitly refused to bar the

plaintiff from asserting inconsistent positions and instead used those inconsistent positions as evidence "undermining her credibility by simultaneously telling two different stories" on her summary judgment motion. *See Bradley*, 104 F.3d at 271–72. Moreover, those contradictory claims were not pled in the alternative, with the plaintiff seeking judgment in her favor on both. *See id.* at 271–72. That is not the case here.

## B. ECONOMIC LOSS DOCTRINE

The complaint's fourth and fifth causes of action are for professional malpractice and negligence. Daly seeks their dismissal because they are arguably barred by the economic loss rule. (Motion at 3.) The Commonwealth Supreme Court has not ruled on the applicability of the economic loss rule to the Commonwealth. A reasonable conclusion is that the Commonwealth would follow the majority rule and find that the economic loss rule is no bar here. That rule is embodied in and supported by the Restatement, and the Commonwealth Superior Court has credited it.

The Restatement provides rules governing the recovery of economic loss. *See* Restatement (Third) of Torts: Prod. Liab. § 21, cmt. a (1998). With claims over damaged property, economic loss is recoverable only when damage is caused to "the plaintiff's property other than the defective product itself." *Id.* § 21(c).

"What constitutes harm to other property rather than harm to the product itself may be difficult to determine." Restatement (Third) of Torts: Prod. Liab. § 21, cmt. e. "[C]learly" falling within this category is a "product that fails to function and causes harm to surrounding property . . . ." *Id.* So, for example, where a person adds an aftermarket component to a ship and that component then harms the ship, other property has been damaged (the ship) and the economic loss rule does not bar recovery for that harm *See Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875, 879 (1997). The Restatement's notes indicate that a "strong majority of courts" would likely reach this conclusion. *See*

4

Restatement (Third) of Torts: Prod. Liab. § 21, Reporters' Note. Following this reasoning, several courts have reached the same conclusion in the housing defect context. *See Jiminez v. Superior Court*, 58 P.3d 450, 457 (Cal. 2002); *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 157–57 (Ind. 2005); *see also Pulte Home Corp. v. Parex, Inc.*, 923 A.2d 971, 1002–05 (Ct. Spec. App. Md. 2007); *but see Flagstaff Affordable Housing Ltd. v. Design Alliance, Inc.*, 223 P.3d 664, 670 (Ariz. 2010). The Commonwealth Superior Court has examined this authority and concluded that it too falls in line with the majority of jurisdictions. *See N. Marianas Housing Corp. v. SSM Int'l Inc.*, Civ. No. 06-0123, 10–11 (Commw. N. Mar. I. Sup. Ct. June 5, 2007).

Applying this rule here, the claims are plausible. Under the economic loss rule, Boeing can sue only for damage to other property, not for the defective construction. The alleged defective construction here was the "design of a terminal addition . . . ." (*See* Complaint at ¶ 1.) This defect harmed an already "existing structure"—the main terminal building, which the terminal additional was to be connected to—by causing it "to violate seismic code requirements" and rendering it "seismically hazardous." (*Id.* at ¶¶ 2, 22.) Now Boeing must address not only the problems with Daly's terminal addition, but also with the damage it caused to the main terminal building. (*Id.* at ¶ 22.) Because the main terminal building was not the defectively constructed property, the economic loss rule plausibly does not bar recovery on it.

## C. CONSUMER PROTECTION ACT

The complaint's sixth cause of action is for violation of the Commonwealth Consumer Protection Act. Daly seeks this claim's dismissal because the Act arguably does not apply to claims that are tantamount to breach of contract. (*See* Motion at 5–6.) Boeing responds that the act applies here because this is not a breach of contract claim; it is a claim for Daly's deliberate deception pursuant

to the Act. (*See* ECF No. 12 at 10 (hereinafter "Opposition"); *see also* Complaint at ¶ 65 (alleging that Daly's services "were misleading and deceptive").)

Put aside the question of whether Boeing's claims are better characterized as breach of contract or deliberate deception. The standard of review mandates that this Court accept as true that Daly deliberately deceived Boeing. The question, then, is whether the Act applies to commercial transactions involving deliberate deception.

The Commonwealth Supreme Court has not yet determined whether the Act applies to deliberate deception in commercial transactions. A reasonable conclusion is that the Act would. That court interprets statutes according to their plain meaning. *See Saipan Achugao Resort Members' Ass'n v. Wan Jin Yoon*, 2011 MP 12, ¶ 23; *Commonwealth Ports Authority v. Hakubotan Saipan Enters., Inc.*, 2 N.M.I. 212, 221–222 (1991). A plain meaning interpretation of the Act mandates applying the statute here. The Act makes "[e]ngaging in any act or practice which is unfair or deceptive to the consumer" unlawful. Though the act does not define consumer, it indicates consumers include merchants. *See* 4 CMC § 5102(a)(5). Moreover, the Act mandates that any ambiguity be resolved "in favor of the consumer." *See id.* § 5123(a). Boeing is a merchant, and merchants are consumers under the Act. So the Act's protections extend to it.

This ruling is consistent with both the jurisprudence of this Court and the Commonwealth's. This Court previously held that the Act does not "protect the participants in a commercial transaction." *See La Mode, Inc. v. Wang Tai Enterprise (Int'l) Develop., Ltd.*, Civ. No. 99-0023, 3–4 (May 18, 2000) (ECF No. 77); *see also Aviation Industry Reporting Sys., Inc. v. Commonwealth of the N. Mariana Islands Travel Agency, Inc.*, Civ. No. 03-0039, 2005 WL 165394, *8. (D. N. Mar. I. Jan. 26, 2005). But those rulings were premised on the fact that the disputes did not involve deception. *See Aviation Industry Reporting Sys., Inc.*, 2005 WL 165394 at *8; *La Mode, Inc.* at 4. Further, this ruling is in

accord with the Commonwealth Superior Court's exegesis on the issue. *See N. Marianas Housing Corp. v. SSFM Int'l*, Civ. No. 06-0123, 13–15 (Commw. N. Mar. I. Sup. Ct. June 5, 2007).

## D. BAD FAITH

The complaint's eighth cause of action seeks punitive damages for Daly's alleged breach of its duty to act in good faith in its indemnity obligations. (*See* Complaint at ¶¶ 75–79.) Daly argues that this claim should be dismissed for two reasons. First, it argues that punitive damages are barred under Commonwealth law, as recognized in the Restatements. (*See* Motion at 8–9.) Second, it argues that the bad faith claim is actually a breach of contract claim and therefore is completely duplicative of the first claim for breach of contract. (*See* Motion at 10.)

The Commonwealth Supreme Court provides substantial ground for answering both questions. It recognizes causes of action for a breach of the duty to act in good faith in an insurance contract; these actions are based in tort; and they may provide recovery of punitive damages. *See Ishimatu v. Royal Crown Ins. Corp.*, 2010 MP 8, ¶¶ 13, 33–38.

Note, however, that the Commonwealth Supreme Court ruled on an insurance contract, not on a contract providing for indemnity. This difference does not matter under Commonwealth law. The Commonwealth's insurance statutes define insurance as "a contract whereby one undertakes to indemnify another . . . ." 4 CMC § 7103(k). That is exactly what was undertaken here: Daly promised, by contract, to indemnify Boeing against any damages or other expenses arising out of Daly's wrongful acts (Complaint at ¶ 1). For these reasons, it is a reasonable conclusion that the Commonwealth Supreme Court would recognize a claim for breach of duty to act in good faith in indemnity obligations.

Daly's protestations otherwise are not persuasive. It cites the Restatement for the proposition that "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting

7

the breach is also a tort for which punitive damages are recoverable . . . ." (ECF No. 13 at 7); *see also* Restatement (Second) Contracts § 355. But this does not aid Daly's cause. The conduct constituting breach was a bad faith violation of its insurance obligations, and the Commonwealth Supreme Court has held that this is a tort for which punitive damages are recoverable, see *Ishimatu*, 2010 MP 8 at ¶ 34.

At this motion's hearing, Daly contended that recognizing this claim in the context of indemnity obligations just does not make sense. It pontificated that this doctrine developed in the context of contracts whose primary aim was insurance, not contracts that just happen to contain an indemnity agreement. While potentially true, the Court does not view this as necessarily compelling a different conclusion. The point of punitive damages for claims of bad faith in an insurance contract is to punish "the defendant's evil motive or reckless indifference to the rights of others." *Id.* (internal quotation marks omitted). This is equally applicable with contracts containing indemnity provisions. If a contractor builds a terminal, knows its performance is deficient, yet refuses to satisfy its indemnity obligations, this appears equally an evil motive.

## V. CONCLUSION

The motion to dismiss is denied. The implied contractual indemnity and bad faith in indemnity obligations are both plausible claims, as are the claims under the Commonwealth Consumer Protection Act. Finally, the economic loss doctrine plausibly does not bar the professional malpractice and negligence claims.

SO ORDERED this 14th day of February, 2014.

/s/ *signature*
RAMONA V. MANGLONA
Chief Judge

8